JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 10-3170-RGK (PJWx)** | Date | May 12, 2010 |
|---|---|---|---|
| Title | *DEUTSCHE BANK NATIONAL TRUST COMPANY v. VICENTE ARAGON, et al.,* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT

     On April 27, 2010, Defendants Vicente Aragon and Trinidad Aragon (collectively "Defendants") representing themselves in pro se, removed this action from the Los Angeles Superior Court of California, to the United States District Court, Central District of California, on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

     Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

     Defendants assert that the grounds for removal is based on claims arising under federal law. (Notice of Removal 2:2-4.) Upon thorough consideration of Defendants' Notice of Removal, and review of the First Amended Complaint filed in state court by Plaintiff Deutsche Bank National Trust Company ("Plaintiff") on November 25, 2009, it does not appear that Plaintiff has raised any federal question. Plaintiff's Complaint is an action for unlawful detainer post foreclosure. (Notice of Removal, Ex. 1, First Amended Complaint.) Plaintiff does not set forth any claims addressing a federal right or federal statute in the unlawful detainer action. For this reason, Defendants' removal is improper for lack of federal question jurisdiction.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |